# THE CHICAGO AND MINONK COAL AND COKE COMPANY

## v.

## HUGH McDERMOTT.

VERDICT AGAINST EVIDENCE.—The question in this case is solely upon the right of appellee to recover for alleged services, and the court finds upon review of the testimony that the verdict is not warranted by the evidence.

APPEAL from the Circuit Court of Woodford county; the Hon. JOHN BURNS, Judge, presiding. Opinion filed December 19, 1879.

Mr. M. L. NEWELL, for appellant; that where a verdict is against the evidence a new trial should be granted, cited Topping v. Maxe, 39 Ill. 159; Wright v. English, 39 Ill. 178; C. & G. E. R. R. Co. v. Fox, 41 Ill. 106; McCarthy v. Mooney, 41 Ill. 300; Southworth v. Hoag, 42 Ill. 446; Tilly v. Spalding, 44 Ill. 80; O. & M. R. R. Co. v. Scheibe, 44 Ill. 460; Ray v. Bullock, 46 Ill. 64; C. & A. R. R. Co. v. Gritzner, 46 Ill. 74; Lockwood v. Onion, 48 Ill. 325; Maynz v. Zigler, 49 Ill. 303; Hibbard v. Molloy, 63 Ill. 471; Puterbaugh v. Crittenden, 55 Ill. 485; Waggeman v. Lombard, 56 Ill. 42; Goodwin v. Durham, 56 Ill. 239; C. & A. R. R. Co. v. Purvines, 58 Ill. 38; Smith v. Slocum, 62 Ill. 354; Knott v. Skinner, 63 Ill. 229; C.

R. I. & P. R. R. Co. v. Herring, 57 Ill. 59; C. C. & I. C. R. R. Co. v. Troesch, 57 Ill. 155; Davenport v. Springer, 63 Ill. 276; Schwartz v. Lammers, 63 Ill 500; Palmer v. McAboy, 58 Ill. 24.

Where the defendant is corroborated and the plaintiff is not, a judgment for plaintiff will be reversed: Peaslee v. Gloss, 61 Ill. 94; Lincoln v. Stowell, 62 Ill. 84; Wade v. Atkins, 58 Ill. 64; Fox River M'f'g Co. v. Reeves, 68 Ill. 403; Koester v. Eselinger, 44 Ill. 447; Haycraft v. Davis, 49 Ill. 455.

The verdict will be set aside where apparent injustice has been done: Chase v. Debolt, 2 Gilm. 371; Boyle v. Lesings, 24 Ill. 223; Clement v. Bushway, 25 Ill. 200.

Mr. S. S. PAGE, for appellee

PLEASANTS, J.   Upon the trial of this cause in the Circuit Court, on appeal, the jury returned a verdict for the appellee, who was plaintiff, for $21 damages, on which judgment was entered.

The record presents the single question whether there was evidence enough to support this verdict.

It appears that the city of Minonk constructed a drain ditch whose course ran through the land of appellant, and which the latter there enlarged into a reservoir for use in case of fire and for general purposes in connection with its mining operations. Appellee was employed by the company in October, November and December, 1877, in deepening said reservoir and in such general work as he might be set about by the foreman of the men on top; and it is undisputed that he worked a number of days in each of said months as shown on time books kept by the manager and by said foreman respectively and independently, and that on the 10th day of December he was paid in full therefor and finally discharged.   But he claims in this suit for watching said ditch just above the reservoir for fourteen days and nights; services alleged to have been in addition to those above referred to, and performed under a special employment given him in consequence of a question having arisen between the city authorities and the company whether the reservoir obstructed the flow of water in the ditch.

He produced no evidence tending to prove such employment or service except his own oath.   He kept no memorandum of the date or time and rendered no account of it before suit brought; nor did he pretend to fix it on the trial more specifically than that it was in October and November; and yet he was positive that it was all after his discharge above mentioned.

On the part of appellant, the manager, who alone hired that class of workmen, denied the alleged employment, and stated further, that although he was upon and near and in plain sight of the scene of the alleged watching frequently during almost every day, he never once saw appellee there after his discharge in December.

To the same effect was the testimony of the superintendent, of the foreman and of the pit-boss.   They all say it was impossible that he could have been there, as he claimed, without their observing him.   His statement seems improbable in itself, is inconsistent with some of the facts proved, and clearly outweighed by direct contradiction.

We think the verdict is against the evidence and ought not to stand.   For the error of the court in overruling the motion to set it aside and grant a new trial, the judgment is reversed and the cause remanded.

Reversed and remanded.